25CA1099 Peo v Okazaki 08-06-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1099
Douglas County District Court No. 23CR879
Honorable Ryan J. Stuart, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Derek Maxwell Okazaki,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE WELLING
Schock and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Derek Maxwell Okazaki, Pro Se

¶ 1        Defendant, Derek Maxwell Okazaki, appeals the district court's order denying his Crim. P. 35(b) motion.  We affirm.

## I.        Background

¶ 2        Okazaki was charged with second degree burglary, theft, false reporting, and criminal mischief based on allegations that he entered the victim's apartment and gave false identifying information to law enforcement when they found him hiding in a closet with the victim's cell phone in his pocket.

¶ 3        As part of a plea agreement, Okazaki pleaded guilty to second degree burglary in exchange for dismissal of the remaining counts. The district court accepted the agreement and imposed a sixteen-year prison sentence.

¶ 4        Within 126 days of sentencing, Okazaki filed a pro se request for additional time to seek sentence reconsideration under Crim. P. 35(b).  The district court construed the motion as a timely Crim. P. 35(b) motion, appointed counsel, and ordered any supplement be filed within sixty days.

¶ 5        Within that timeframe, Okazaki filed a pro se motion to reconsider his sixteen-year prison sentence under Crim. P. 35(b). He asked the district court to reconsider his sentence based on his

exemplary behavior while in prison, including (1) maintaining gainful employment; (2) remaining program compliant; and (3) progressing to a "more privileged housing unit." The court denied Okazaki's motion in a written order. The court noted that it had reviewed the file and the motion but found that "the sentence imposed was appropriate at the time of sentencing and remains appropriate today, even considering the new information provided."

¶ 6 Shortly thereafter, and per the district court's original order, appointed counsel filed a motion under Crim. P. 35(b). Counsel explained that Okazaki had not been made aware of counsel's appointment when he filed his pro se Crim. P. 35(b) motion. In the motion, Okazaki asked the court to reconsider his sentence given that (1) a reduced sentence would accomplish the punitive and deterrent goals of sentencing; (2) a reduced sentence would allow him to enroll in treatment and substance abuse programming while in prison; (3) a reduced sentence would better reflect his commitment to rehabilitation; (4) he remains remorseful and continues to take responsibility for his actions; (5) his vocational skills will help him secure gainful employment upon release; and (6) he has community support. Accompanying the motion were

several letters of support, photos of Okazaki volunteering, and numerous certificates noting Okazaki's completion of Department of Corrections programming.

¶ 7 The district court denied Okazaki's subsequent motion in a written order. As in the prior order, the court noted that it had reviewed the file and the motion but found that "the sentence imposed was appropriate at the time of sentencing and remains appropriate today, even considering the new information provided."

## II. Discussion

¶ 8 Okazaki contends that the district court failed to exercise its discretion when it denied his Crim. P. 35(b) motion because the court didn't consider the new mitigation evidence presented and failed to articulate the basic reasons for its ruling. The People counter that Okazaki waived his right to seek reconsideration pursuant to the terms of his plea agreement.[1] We need not resolve

---

[1] The plea agreement provided that Okazaki "knowingly, voluntarily, and intelligently waives any reconsideration of his sentence under Rule 35(b) or any other provision of law, unless specifically agreed to by the prosecution." Okazaki points to nothing in the record indicating that the prosecution agreed to him pursuing a reconsideration of his sentence.

the waiver issue because even assuming, without deciding, that the claim isn't waived, it fails on the merits.

¶ 9    Crim. P. 35(b) permits a district court to review a sentence after it is imposed to ensure that it is proper. *People v. Dunlap*, 36 P.3d 778, 780 (Colo. 2001). "Any decision to reduce a sentence based on a Crim. P. 35(b) motion remains within the sound discretion of the [district] court." *Id.*

¶ 10    In exercising this discretion, a district court must "consider all relevant and material factors, including new evidence as well as facts known at the time the original sentence was pronounced." *People v. Busch*, 835 P.2d 582, 583 (Colo. App. 1992). The district court isn't required to make findings of fact when ruling on a motion for reduction of sentence but should "provide a statement of the basic reasons in support of its ruling." *People v. Olivas*, 911 P.2d 675, 677 (Colo. App. 1995). "Only if the trial court has refused to consider *any* information in mitigation and fails to make findings in support of its decision is there a failure by the trial court to exercise its judicial discretion." *Busch*, 835 P.2d at 583. Finally, the district court may deny a Crim. P. 35(b) motion without a

hearing "after considering the motion and supporting documents, if any." Crim. P. 35(b).

¶ 11 Okazaki contends that the district court abused its discretion because it failed to consider the new information provided in his counseled Crim. P. 35(b) motion. In support, he points to the language in the order denying his pro se motion and alleges that the court's use of "identical" language indicates that the court "relied on a rote formula" and failed to meaningfully consider the information provided.

¶ 12 Contrary to Okazaki's assertion, the record shows that the district court properly exercised its discretion by denying the Crim. P. 35(b) motion. The court indicated that it reviewed "the file and the [m]otion" and considered "the new information provided." Then the court concluded that, despite this new information, the original sentence "remains appropriate today."

¶ 13 The court didn't refuse to consider any information in mitigation or fail to make findings in support of its decision. *Busch*, 835 P.2d at 583. And the fact that the court didn't provide additional analysis or more specific factual findings doesn't render its ruling deficient when it was only required to "provide a

5

statement of the basic reasons in support of its ruling." *Olivas*, 911 P.2d at 677.

¶ 14   We therefore conclude that the district court's ruling wasn't an abuse of discretion.

## III.   Disposition

¶ 15   The order is affirmed.

JUDGE SCHOCK and JUDGE LUM concur.